UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| THE NATIONAL REPUBLIC BANK OF CHICAGO, as assignee of UNITED STATES OF AMERICA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | NO. 1:08-CV-122 PPS |
| N.S.D. CORPORATION; DIPAK PATEL; NVP, LLC; THE NATIONAL REPUBLIC BANK OF CHICAGO; STATE OF INDIANA, DEPARTMENT OF REVENUE; MIDWEST TELECOM OF AMERICAN, INC.; GEORGE UZELAC & ASSOCIATES, INC.; THE CITY OF MERRIILLVILLE, MERRILLVILLE CONSERVANCY DISTRICT, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| THE NATIONAL REPUBLIC BANK OF CHICAGO, | ) ) ) ) | |
| Cross-Claim Plaintiff, Counterclaimant and Third Party Claimaint, | ) ) ) ) ) ) | |
| v. | ) ) | |
| N.S.D. CORPORATION; DIPAK PATEL; NVP, LLC; THE NATIONAL REPUBLIC BANK OF CHICAGO; STATE OF INDIANA, DEPARTMENT OF REVENUE; MIDWEST TELECOM OF AMERICAN, INC.; GEORGE | ) ) ) ) ) ) ) | |

| UZELAC & ASSOCIATES, INC.; THE | ) |
| CITY OF MERRIILLVILLE, | ) |
| MERRIVILLE CONSERVANCY | ) |
| DISTRICT; UNITED STATES OF | ) |
| AMERICA INTERNAL REVENUE | ) |
| SERVICE, | ) |
| | ) |
| Cross-claim | ) |
| Defendants, | ) |
| | ) |
| UNITED STATES OF AMERICA SMALL | ) |
| BUSINESS ADMINISTRATION, | ) |
| | ) |
| Counterclaim | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| RITA PATEL; GLUTH BROTHERS | ) |
| ROOFING COMPANY, INC; and | ) |
| SAFEMARK SYSTEMS, L.P., | ) |
| | ) |
| Third-Party | ) |
| Defendants. | ) |
| | ) |

**OPINION AND ORDER**

The United States of America originally filed this foreclosure action on behalf of the Small Business Administration ("SBA") against N.S.D. Corporation seeking satisfaction as holder of a promissory note worth $642,000 from N.S.D. and foreclosure of a mortgage executed by N.S.D. to secure the note. The action included N.S.D.'s corporate president, Dipak Patel, as guarantor of the Note. SBA also named as defendants those who it believed had an interest in the mortgaged property so the Court could determine the priority of the creditors. But after filing suit, SBA assigned its rights to the promissory note and mortgage to one of N.S.D.'s creditors, and a defendant in the action, the National Republic Bank of Chicago ("NRBC").

Thus, NRBC now holds the Amended Complaint in this action, as originally filed by SBA.

Before the Court is NRBC's motion for summary judgment. In its motion, NRBC seeks satisfaction as holder of both the SBA's note and an additional promissory note that was executed by N.S.D. and guaranteed by Dipak Patel and Rita Patel. Both notes were secured by a mortgage on property located at 1350 83rd Avenue, Merrillville, Indiana 46410. Thus, NRBC also asks the Court for an order to foreclose N.S.D.'s equity of redemption, to have the real estate and N.S.D.'s personal property sold under Indiana law, to recover the rents and profits generated from the real estate, and to apply the proceeds from the sale and rents to the amount NRBC is owed on the promissory notes. Additionally, NRBC seeks judgment against Dipak Patel and Rita Patel as guarantors of the above-mentioned promissory notes.[1]

Defendants N.S.D. and Dipak Patel oppose the motion, arguing there are material facts in dispute that must be litigated. The only other defendant to respond, the State of Indiana, had no objection to the entry of summary judgment provided that any decree of foreclosure or other Court order recognizes the State of Indiana's judgment liens and grant the State its proper priority.

## FACTUAL BACKGROUND

### I. The NRBC Note

On March 6, 2002, N.S.D. borrowed $1,122,000 from NRBC and, by its corporate president Dipak Patel, executed a promissory note ("NRBC Note") and a Commercial Loan Agreement. (DE 116 ¶ 1.) As security on the NRBC Note, N.S.D. granted NRBC a mortgage on

---

[1] Dipak Patel guaranteed the Note from SBA while both Dipak and Rita Patel guaranteed the Note from NRBC.

its real estate located at 1350 83rd Avenue, Merrillville, Indiana 46410 and any improvements on it. (*Id*. ¶ 2.) The NRBC Mortgage was recorded in Lake County, Indiana on April 16, 2002. (*Id*. ¶ 4.)

Contemporaneous with the execution of the NRBC Note, on March 6, 2002, Dipak Patel and Rita Patel signed a "Guaranty of Payment." (*Id*. ¶ 5.) The guaranty stated the Patels "absolutely and unconditionally guarantys to [NRBC] the prompt and unconditional payment of the" amount owed under the NRBC Note. (*Id*. ¶ 6.) The NRBC Note was also secured by a security interest in all of N.S.D.'s assets related to the real estate including its inventory, equipment, accounts, deposit accounts, and general intangibles ("N.S.D.'s Personal Property"). (*Id*. ¶ 7; *see also* DE 117-6 (NRBC Exhibit K).) To further secure payment on the NRBC Note, N.S.D. granted NRBC an "Assignment of Leases and Rents" and an "Assignment of Rents." (DE 116 ¶ 9.) NRBC filed a UCC Financing Statement on this property on March 4, 2002. (*Id*. ¶ 8.)

Pursuant to the terms of the NRBC Note, N.S.D. is obligated to make payments of $4,675, plus accrued interest, every month from April 6, 2002 to March 6, 2020. (*Id*. ¶ 10.) But in April 2009, N.S.D. failed to make its monthly payment. (*Id*. ¶ 12.) NRBC accelerated the NRBC Note and claims the entire balance is due. (*Id*. ¶ 14.) Pursuant to the NRBC Note, in the event of default, interest accrued at the prime rate, as published in the Wall Street Journal, plus 6.5%. (*Id*. at ¶ 11.) According to NRBC, this amounts to $1,044,638.25,[2] plus interest accruing from April 3, 2009, and collection of costs, expenses, insurance premiums, real estate taxes, and

---

[2] This equals the amount NRBC claimed was due in its initial briefing, supported by sworn affidavit (DE 117-2 at 3), less $102,063.83 in a pre-payment penalty to which NRBC has withdrawn any reference. (DE 128 at 5.)

4

reasonable attorney's fees. (DE 116 at 8-9.)

**II.     The SBA Note**

On March 12, 1998, N.S.D. borrowed $642,000 from Indiana Statewide Certified Development Corporation by way of a promissory note. (DE 116 ¶ 17A.) To secure the note, N.S.D. executed and delivered to Indiana Statewide a mortgage on 1350 East 83rd Avenue, Merrillville, Indiana 46410, the same real estate at issue in the NRBC Note. (*Id*. ¶ 17B.) Dipak Patel also guaranteed payment of the note. (*Id*. ¶ 26.) The SBA then obtained rights to the note ("SBA Note") and mortgage ("SBA Mortgage") by an assignment from Indiana Statewide. (*Id*. ¶ 18.) The SBA recorded its mortgage on March 18, 1998. (*Id*. ¶ 19.)

In March 2007, N.S.D. defaulted on the SBA Note and Mortgage and SBA accelerated payment making the entire unpaid balance due. (DE 117-8 (NRBC Exhibit O).) The SBA filed this action, seeking to recover the total unpaid balance due on the SBA Note. (DE 1, 25.) Then in October 2008, SBA entered into a settlement agreement with N.S.D. (DE 127, 127-2.) The settlement agreement stipulated that if N.S.D. paid the SBA a first installment of $200,000 by November 10, 2008, and a second installment of $400,000 by November 26, 2008, N.S.D. would have satisfied the note, and SBA would dismiss the foreclosure suit against them. (*Id*.)

But on December 5, 2008, the SBA assigned its rights to the Note and Mortgage to NRBC. (DE 116 ¶ 17.) The NRBC Note and Mortgage had priority over the SBA Note and Mortgage because of a subordination agreement executed by SBA. (*See* DE 25 at 6; DE 80 at 6.) On that same day, N.S.D. and NRBC agreed to a "Modification" of the SBA Note. (DE 128-2.) In the Modification, N.S.D. acknowledged NRBC as the holder of the SBA Note and agreed to pay the remaining balance and interest on the SBA Note to NRBC by March 5, 2009. (*Id*.)

5

About two weeks later, SBA filed a motion to voluntarily dismiss the Complaint, stating it had resolved and settled its claims against N.S.D. (DE 97.) But NRBC objected to the dismissal because N.S.D. had not fully satisfied its obligations under the assigned note. (DE 98.) As a result, on January 26, 2009, SBA, NRBC, and N.S.D. filed an agreed entry dismissing SBA from the suit, but stipulating that the Amended Complaint would remain pending, as currently held by NRBC. (DE 100.)

NRBC now argues that because N.S.D. failed to satisfy its obligations under either the settlement agreement with SBA or the December 5, 2008 Modification agreement, Defendants N.S.D. and Dipak Patel owe the remaining balance of $400,000 in principal along with an additional $11,900 in accrued interest.[3] Defendants contend that they paid SBA in full, completely satisfying their obligations before SBA assigned the Note to NRBC.

## DISCUSSION

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the non-moving party. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The non-moving party must then set forth specific facts showing that there is a genuine issue of material fact and that the moving party is not entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). A genuine dispute about a

---

[3] NRBC asserts, and N.S.D. does not dispute, that interest on the SBA Note accrues at the annual rate of 6.208%.

material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 248. When examining the evidence, the Court should resolve all ambiguities and draw all inferences in favor of the non-moving party. *Haefling v. United Parcel Serv., Inc.*, 169 F.3d 494, 497 (7th Cir. 1999); *Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446, 1453 (7th Cir. 1994).

## I. Promissory Notes

Claiming default, NRBC now seeks satisfaction of both the NRBC Note and the SBA Note. First, NRBC argues that N.S.D. defaulted on the NRBC Note, and judgment against N.S.D. and Dipak and Rita Patel, jointly and severally, is necessary to recover the balance due under the Note along with expenses and fees. NRBC also contends that N.S.D. owes the balance due on the defaulted SBA Note because N.S.D. did not fulfill its obligations under its settlement agreement with SBA before SBA assigned the Note to NRBC. N.S.D. then failed to pay NRBC the balance prior to March 5, 2009 as the parties agreed under the December 5, 2008 Modification agreement.

In its response brief, N.S.D. makes little mention of the NRBC Note. It does not dispute that the NRBC Note is in default and, aside from reference to a pre-payment penalty, which NRBC now withdraws, N.S.D. does not dispute the amount owed under the NRBC Note. NRBC supports its claim by, among other things, presenting the NRBC Note itself, signed by N.S.D. This is sufficient evidence by itself to meet its initial burden. *See American Management, Inc. V. MIF Realty, L.P.*, 666 N.E. 2d 424, 430 (Ind. Ct. App. 1996) ("By introducing the note, [the moving party] established a *prima facie* case to recover the debt from [the non-moving party].") The terms of the NRBC Note state that upon default, payment of the entire balance is accelerated

7

and immediately due. (DE 117-3 at 2-3.)

Under Local Rule 56.1, the Court must assume facts claimed and supported by admissible evidence by the moving party are accurate unless they are controverted by the non-moving party. N.D. Ind. L.R. 56.1(b); *see also Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) ("When a responding party's statement [of facts] fails to dispute the facts set forth in the moving party's statement . . . those facts are deemed admitted"). Thus, because N.S.D. does not dispute the evidence demonstrating N.S.D.'s default on the NRBC Note, and the amount at issue is not in dispute, there are no genuine issues of material fact regarding the NRBC Note.

The only issue N.S.D. does dispute is whether N.S.D. satisfied the SBA Note by fulfilling its obligations under the settlement agreement with SBA. N.S.D. does not dispute it defaulted on the SBA Note, making the entire balance due and giving rise to this action. (*See* DE 117-2 at 5) (stating "Indebtedness [is] immediately due and payable upon . . . [f]ailure to pay any part of the Indebtedness when due").) N.S.D. and SBA entered a settlement agreement to resolve the dispute, however. (DE 127-2.) The agreement required N.S.D. to pay SBA $200,000 by November 10, 2008, and $400,000 by November 26, 2008. (*Id*.) If N.S.D. met these conditions, SBA was required to release its mortgage on the property, and dismiss the foreclosure suit. (*Id*.) Consistent with this agreement, N.S.D. now claims it paid the SBA in full and no longer owed a debt on the SBA Note and Mortgage when SBA assigned them to NRBC. NRBC contends that N.S.D. failed to pay $400,000, and this balance passed to them upon assignment.

There is no evidence that N.S.D. paid the remaining balance it owed under the settlement agreement with SBA. First, the settlement agreement stated that N.S.D. had to satisfy its debt

8

under the SBA Note by November 26, 2008. (DE 127-2.) But, on December 5, 2008, just over a week after the second payment was due, SBA assigned the SBA Note to NRBC. (DE 116 ¶ 17.) On that same day, NRBC and N.S.D. signed an agreement modifying the terms of the SBA Note stating "[t]he *entire balance of unpaid principal* plus any accrued interest shall be due and payable on March 5, 2009." (DE 128-2) (emphasis added). But if N.S.D. had paid SBA in full, as it now claims, there would be no balance due.

Then on January 26, 2009, SBA, NRBC, and N.S.D. all stipulated that SBA was dismissed from the action, and NRBC now held the rights to the SBA Note and Mortgage. (DE 100.) Moreover, the parties agreed that SBA's Amended Complaint seeking recovery under the SBA Note and Mortgage would remain pending as held by NRBC. (*Id.*) But if N.S.D. had satisfied its obligations under the SBA Note, why would N.S.D. stipulate that SBA's Complaint, which sought recovery under the SBA Note, should remain pending by the current holder of the Note? The only reasonable inference is there was an unpaid balance on the SBA Note when SBA assigned it to NRBC.

N.S.D. responds by citing only to the settlement agreement itself. But its terms conditioned settlement on N.S.D. paying $600,000. (*See* DE 127-2.) N.S.D. presents no evidence that it satisfied its obligations under the settlement agreement. I would assume that it would be a simple matter to demonstrate to the Court that N.S.D. made the $400,000 payment. If it was made, there would undoubtedly be a paper trail. Yet N.S.D. submits no evidence the payment was made. To survive summary judgment, the nonmoving party must provide admissible evidence creating a genuine issue of fact. *See* Fed. R. Civ. P. 56(e); *Albiero v. City of Kankakee*, 246 F.3d 927, 932 (7th Cir. 2001) ("Because the primary purpose of summary

9

judgment is to isolate and dispose of factually unsupported claims, the nonmovant . . . must respond, with affidavits or otherwise, set[ting] forth specific facts showing that there is a genuine issue for trial.") (internal quotations omitted). Here, the terms of the settlement agreement alone do not suffice, absent evidence that it satisfied the SBA Note. But, again, N.S.D. presents no such evidence. To the contrary, if the balance had been paid, SBA would have had nothing left to assign.

Thus, the record is clear that N.S.D. defaulted and owes NRBC the balance due on the SBA Note. But a question of fact remains as to the amount N.S.D. owes under the Note. NRBC presents an affidavit from the NRBC President stating that the unpaid balance was $400,000. (*See* DE 117-2 (NRBC Exhibit A ¶ 10.) Presumably, this equals the amount due under the second installment of the settlement agreement between SBA and N.S.D., which was passed to NRBC upon assignment. Yet this amount contradicts the terms of the December 5, 2009 assignment of the SBA Note and Mortgage from SBA to NRBC, submitted into evidence by NRBC. Under the "Assignment of Existing Note and Mortgage," the "aggregate principal amount outstanding under and secured by the Existing Mortgage is $330,912.42." (DE 117-2 (NRBC Exhibit E).) It is unclear how NRBC now claims that the principal amount N.S.D. owes under the SBA Note and Mortgage is an even $400,000. So while the evidence clearly shows that N.S.D. has defaulted on the SBA Note and Mortgage and thus owes NRBC the balance, because a question of fact remains as to the amount it owes, summary judgment is not appropriate at this point on this issue.

## II. Foreclosure of Mortgages

As a result of N.S.D.'s default, NRBC seeks foreclosure of N.S.D.'s equity of redemption

and a court-ordered sale of the foreclosed Real Estate.  NRBC contends the sale should include the mortgaged real estate and all of N.S.D.'s personal property, including its inventory, equipment, accounts, deposit accounts and general intangibles, along with recovery of all rents and profits generated by the real estate.  According to NRBC, the proceeds should then be applied to the amount owed to NRBC under the Notes.  N.S.D. did not respond to these arguments.

Mortgage foreclosure actions are governed by the law of the state where the subject real estate is located.  *Lewis v. Davis*, 55 N.E. 2d 119, 120 (Ind. Ct. App. 1944).  If a mortgagor defaults in the performance of a mortgage, the mortgagee may proceed in an action to foreclose the equity of redemption contained in the mortgage.  IND. CODE § 32-30-10-3(a).  In rendering judgment of foreclosure, the courts shall:

> (1) give personal judgment against any party to the suit liable upon any agreement for the payment of any sum secured by the mortgage; and
>
> (2) order the mortgaged premises, or as much of the mortgaged premises as may be necessary to satisfy the mortgage and court costs, to be sold first before the sale of other property of the defendant.

IND. CODE § 32-30-10-5.  The construction of written contracts are generally a question of law for which summary judgment is particularly appropriate.  *Kordick v. Merchants Nat'l Bank and Trust Co. of Indianapolis*, 496 N.E. 2d 119, 125 (Ind. Ct. App. 1986).

Here, the agreements at issue are unambiguous and clear.  *See Niezer v. Todd Realty, Inc.*, 913 N.E. 2d 211, 215 (Ind. Ct. App. 2009) ("When construing a contract, unambiguous contractual language is conclusive upon the parties and the courts.")  As stated above, both Notes state that in the event of default, the entire unpaid balance shall immediately become due and payable.  N.S.D. secured the NRBC Note by granting a mortgage on the real estate at issue, a

security interest in all of N.S.D.'s personal property, and through an assignment of leases and rents. (DE 117-4, 117-6, 117-8.) Under the terms of the agreements, these are to be used to pay "indebtedness evidenced by the Note" and "the payment of interest, default interest, late charges, . . . and all other moneys agreed or provided to be paid. . . ." (DE 117-4 at 7.) N.S.D. similarly secured the SBA Note through a mortgage on the real estate. (DE 117-2.) Defendants do not even attempt to demonstrate a genuine issue of fact regarding the terms of these documents. Thus, NRBC is entitled to foreclosure of N.S.D.'s equity of redemption, and the proceeds from the sale of the mortgaged real estate and N.S.D.'s Personal Property, along with all profits from leases and rents, must be applied to the debt owed under the NRBC and SBA Notes.

Also, Defendants do not dispute that Dipak Patel and Rita Patel are personally liable as guarantors of the NRBC Note, and Dipak Patel is liable as guarantor of the SBA Note – and the evidence bears this out. On March 6, 2002, Dipak and Rita Patel signed a Guaranty of Payment guaranteeing the prompt and unconditional payment of any amount owed under the NRBC Note. (DE 117-6.) And Dipak Patel secured payment of the SBA Note by signing an unconditional guaranty. (DE 117-8.) As a result, Dipak Patel and Rita Patel are liable on the NRBC Note, and Dipak Patel is liable on the SBA Note.

### III.     Attorney's Fees

NRBC asserts that it is entitled to attorney's fees incurred prosecuting this action. (DE 116 at 9.) The general rule is that "each party to litigation pays his own attorney's fees, absent a statute, agreement, or stipulation to the contrary." *Ind. Dept. of Public Welfare v. Chair Lance Serv., Inc.*, 523 N.E. 2d 1373, 1379 (Ind. 1988). As support for its claim for fees, NRBC cites to NRBC Exhibit D ¶ 4. (*See* DE 116 at 9.) But NRBC Exhibit D is the assignment of the SBA

Note and Mortgage from Indiana Statewide to SBA; it makes no mention of NRBC's right to attorney's fees. (*See* DE 117-2.) And it is not the Court's function to "scour the record in search of evidence." *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996). NRBC has failed to demonstrate to the Court why it is entitled to attorney's fees, and so the request is denied.

## CONCLUSION

For all of the foregoing reasons, the Plaintiff's Motion for Summary Judgment (DE 115) is **GRANTED IN PART AND DENIED IN PART**. As a matter of law, N.S.D. has defaulted on the NRBC and SBA Notes and Mortgages, and N.S.D. owes NRBC the outstanding balance due on each. Dipak and Rita Patel are also liable as guarantors. Moreover, NRBC is entitled to foreclosure of N.S.D.'s equity of redemption, and the proceeds from the sale of the mortgaged real estate and N.S.D.'s Personal Property, along with all profits from leases and rents, must be applied to the debt owed under the NRBC and SBA Notes. Summary judgment is **GRANTED** as to these issues. But because a genuine issue of material fact exists as to the amount due under the SBA Note, a foreclosure order is not appropriate at this time, and NRBC's Motion for Summary Judgment is **DENIED** as to this issue. NRBC has 30 days from entry of this Order to submit an explanation to the Court, clarifying the amount N.S.D. owes under the SBA Note. N.S.D. may then respond if it so wishes. If the evidence resolves this question of fact, I will: (1) enter judgment against N.S.D., Dipak Patel, and Rita Patel, jointly and severally, on the NRBC Note, and against N.S.D. and Dipak Patel, jointly and severally, on the SBA Note; and (2) enter an order of foreclosure of N.S.D.'s equity of redemption, and order the proceeds from the sale of the mortgaged real estate and N.S.D.'s Personal Property, along with all profits from leases and

rents, to be applied to the debt owed under the NRBC and SBA Notes.

Also, it appears that NRBC's mortgages are superior to those of the other creditors involved in this action. But, aside from the State of Indiana, none of the other defendants in this action have pursued their claims or responded to NRBC's motion for summary judgment. Thus, to be recognized in the foreclosure order, the remaining defendants are **ORDERED** to submit within 30 days upon the entry of this Order any briefs pursuing cross-claims or asserting priority.

**SO ORDERED**.

ENTERED: November 30, 2009

　　　　　　　　　　　　　　　　　　　　s/ Philip P. Simon
　　　　　　　　　　　　　　　　　　　　PHILIP P. SIMON, JUDGE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT